OPINION *Page 2 
{¶ 1} Defendant Brian L. Mayle appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which convicted and sentenced appellant for trafficking in cocaine in the presence of a juvenile, with a specification of forfeiture, and three counts of possession of drugs, after appellant pled guilty. Appellant assigns six errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AT THE PLEA OF GUILTY COURT HEARING WHEN NEITHER THE COURT NOR ANYONE ELSE EXPLAINED TO APPELLANT WHAT THE TERM `MANDATORY' MEANT IN REGARD TO COUNT ONE OF THE INDICTMENT.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT DID NOT MAKE CERTAIN THE GUILTY PLEAS TAKEN FROM APPELLANT WERE DONE ON A KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MANNER IN THAT THE TRIAL COURT DID NOT ADVISE APPELLANT THAT HE WAS INELIGIBLE FOR JUDICIAL RELEASE.
 {¶ 4} "III. THE TRIAL COURT ERRED WHEN IT DID NOT MAKE CERTAIN THAT THE GUILTY PLEAS TAKEN FROM APPELLANT WERE DONE ON A KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MANNER IN THAT THE TRIAL COURT DID NOT ADVISE APPELLANT THAT HE WAS INELIGIBLE FOR COMMUNITY CONTROL SANCTIONS OR PROBATION.
 {¶ 5} "IV. THE TRIAL COURT ERRED WHEN THE COURT ASKED CERTAIN CRITICAL QUESTIONS OF THE APPELLANT AT THE SENTENCING HEARING WITHOUT ADVISING APPELLANT THAT HE DID NOT HAVE TO ANSWER THE COURT'S QUESTIONS. *Page 3 
 {¶ 6} "V. THE TRIAL COURT ERRED WHEN A MANDATORY FINE WAS IMPOSED ON APPELLANT IN THAT THE COURT FAILED TO INQUIRE INTO THE APPELLANT'S PRESENT FINANCIAL STATUS, INCLUDING BUT NOT LIMITED TO, HIS PRESENT EARNING CAPACITY, AND FAILED TO INQUIRE INTO THE APPELLANT'S FUTURE ANTICIPATED EARNING CAPACITY.
 {¶ 7} "VI. APPELLANT STATES THAT HE WAS DENIED THE ASSISTANCE OF ADEQUATE, EFFECTIVE LEGAL REPRESENTATION."
 II III {¶ 8} In his second and third assignments of error, appellant argues the court failed to substantially comply with the requirements of Crim. R. 11 (C), because it failed to inform him he was not eligible for probation, community control, or judicial release.
 {¶ 9} Crim. R. 11 (C)(2)(a) states: "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with the understanding that the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing * * *"
 {¶ 10} The State concedes the transcript of the proceedings demonstrates the court omitted this information from the Crim. R. 11 exchange.
 {¶ 11} The second and third assignments of error are sustained.
 I, IV, V, and VI {¶ 12} In light of our holdings supra, we find the balance of appellant's assignments of error to be moot. *Page 4 
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is vacated, and the cause is remanded for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is vacated, and the cause is remanded for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1